IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 22-CR-55-RAW |
| ) | |
| **DONALD DAVID LAVERTY,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Before the court is the motion of the defendant to dismiss Counts Three and Four of the Indictment (#50), to which the government has responded in opposition (#53).[*]

The Indictment and the Superseding Indictment charge defendant (in Counts One and Two) with assault with a dangerous weapon with intent to do bodily harm in Indian Country, with the pertinent substantive statute being 18 U.S.C. §113(a)(3). The Superseding Indictment charges defendant Counts Three and Four with the state-law misdemeanor offense of resisting a peace officer in Indian Country, with the pertinent substantive statute being 21 O.S. §268. (In the original indictment, the state statute relied upon was 21 O.S. §540). "[T]hrough the [Assimilative Crimes Act (ACA), 18 U.S.C. §13], federal law incorporates state law offenses committed by non-Indians in Indian country." *United States v. Menees,* 2022 WL 1004868, *2 (E.D.Okla.2022).(citing *McGirt v. Oklahoma,* 140 S.Ct.

---

[*]The government recently filed a Superseding Indictment (#75), which does not affect the present motion.

2452 (2020)). Defendant argues that assimilation is improper as to Counts Three and Four.

"[T]he ACA performs a gap-filling function by 'borrowing state law' to bolster the 'federal criminal law that applies on federal enclaves' and that function has been described as the ACA's 'basic purpose'". *United States v. Jones,* 921 F.3d 932, 935 (10th Cir.2019)(citation omitted).

The Tenth Circuit discussed the present issue in *United States v. Harris,* 10 F.4th 1005 (10th Cir.2021). Under Supreme Court precedent, a two-step inquiry for the court is as follows: (1) is the defendant's act or omission made punishable by any enactment of Congress. If not, then the state statute may be assimilated. If the answer is "yes," the court must ask (2) whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say, because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue. *Id.* at 1010-1011 (quoting *Lewis United States,* 523 U.S. 155, 164 (1998)).

This court finds the first question is answered "yes," and the answer is provided by the Indictments themselves. All four counts in each arise out of the same conduct (against two different peace officers) and Counts One and Two both charge a violation of 18 U.S.C. §113(a)(3), a federal statute.

The defendant argues that the charges in Counts Three and Four (that the defendant resisted a peace officer "by the use of force and violence") involve "a form of assault." (#50 at 5). Thus, 18 U.S.C. §113, which represents Congress's criminalization of various types of assault, both (1) establishes an offense definition that Congress carefully considered and (2) occupies the field. The court agrees. *See Harris,* 10 F.4th at 1011 ("it seems fairly obvious that the Act will not apply where both state and federal statutes seek to punish approximately the same basic conduct")(citation omitted). Even simple assault is addressed in 18 U.S.C. §113(a)(5). "Congress clearly and precisely explicated the range of conduct that qualifies as assault within areas of federal jurisdiction." *Id.* at 1014.

The government argues that the "gap" to be filled in this case involves the precise act of resisting or obstructing a <u>state</u> law enforcement officer. (#53 at 4). It points to 18 U.S.C. §111, which establishes a federal offense for assaulting, resisting, or impeding federal officers. The peace officers in the case at bar were Oklahoma law enforcement officers rather than federal employees, and the government asserts this is a sufficient distinction to permit assimilation. The court is not persuaded. By its nature, the crime of assault (§113) is broad, and the fact that another federal statute (§111) exists addressing assault as to a specific victim does not change the court's analysis.

3

It is the order of the court that the motion of defendant dismiss Counts Three and Four (#50) is hereby granted. Counts Three and Four of the Indictment (#17) and the Superseding Indictment (#75) are dismissed. Only Counts One and Two shall proceed to trial.

**ORDERED THIS 15TH DAY OF NOVEMBER, 2022.**

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA